REUBEN JONES *vs.* ELISHA G. JONES.

Franklin. Opinion January 9, 1895.

*Judgment. Execution. Discharge. Purchase. Assignment. Stat. 1835, c.
195; R. S., 1857, c. 113, § § 32, 33, 34.*

It has never in this State been a defense to an action of debt on a judgment
that the judgment debtor had been arrested on an execution issued on the
judgment, and been liberated from arrest by giving a poor debtor bond and
disclosing thereon.

There is no illegality in a purchase of a judgment by one who was a surety of
the judgment debtor on a poor debtor's bond given by the latter on an execu-
tion issued thereon.

ON EXCEPTIONS.

The case is stated in the opinion.

*H. L. Whitcomb*, for plaintiff.

*S. Clifford Belcher*, for defendant.

(1.) A commitment of a debtor in execution is, by the common law, a discharge of judgment. *Coburn* v. *Palmer*, 10 Cush. 273 ; see also *Miller* v. *Miller*, 25 Maine, 110 (113).

But by the provisions of Act of 1835, chap. 195,— the original statute for relief of poor debtors — the rule of the common law was changed. *Spencer* v. *Garland*, 20 Maine, 75.

The Court say : "The twelfth section [sect. 42, chap. 148, R. S., 1840] . . . provided that the discharge of the debtor should not in such cases impair the rights of the creditor to obtain satisfaction out of any property or estate of the debtor not exempted by law."

This twelfth section, (sect. 42, chap. 148, R. S., 1840) was omitted in the Revised Statutes of 1857, which were in force when the defendant in this action was committed on execution and released by giving statute bond.

A surety on a bond given under the statute to relieve a debtor from arrest cannot purchase the judgment. His situation is similar to a surety on a note, or to one of two judgment debtors.

SITTING : PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J. This is an action of debt on a judgment recovered by Leonard Keith against the defendant in this court in Franklin county in 1857 ; the plaintiff being the owner of such judgment by an assignment thereof from Keith. The defendant soon after the judgment was recovered was arrested on an execution issued thereon, gave a poor debtor's bond to save his commitment to jail, and was discharged upon a disclosure made under the terms of such bond.

It was contended at the trial of this case that no action can be maintained upon the judgment for the alleged reason that, by the provisions of the poor debtor chapter contained in the Revised Statutes of 1857, applicable hereto, the judgment was

satisfied and discharged by the debtor's arrest and the giving of a bond for his release therefrom. The argument to sustain this position, which was sustained by the presiding judge, seems to have been that there was omitted from the statutes of 1857 an act which had existed in our statutes up to the date of that revision from the date of its passage in 1835 (see ch. 195, Laws of 1835), which act expressly provided that the discharge of a poor debtor upon his disclosure should not have the effect to impair any right which the creditor had to obtain satisfaction of his judgment out of the debtor's estate or property not exempted by law. The contention is that the supposed statutory omission revived the rights of the parties as they would have been at the old common law, under which an arrest of a debtor deprived the creditor of all other remedy for the collection of his debt.

We cannot concede the correctness of any of these propositions. In the first place the law would be the same with or without the enactment of 1835. That act was a declaration merely of the law as it stood before, and this court virtually said so in its opinion in the case of *Spencer* v. *Garland*, 20 Maine, 75. It necessarily resulted from our poor debtor laws that an arrest of a debtor and his subsequent discharge from arrest could not have the effect to bar the creditor from collecting his claim out of the debtor's property.

The common law system and our statutory system on this subject are widely unlike. At the old common law an arrest upon an execution was largely designed as a punishment of the debtor for not paying his debt, and he could be held in imprisonment until he did pay it. On the contrary, our very humane system is one in no respect involving punishment or degradation, but seeks only to obtain a discovery of the debtor's property and its situation, in order that the creditor may be the better enabled to satisfy his judgment out of such property.

Further than this, we have no idea that the act of 1835 was eliminated from the statutes of 1857. Its bodily form may have fled away, but its soul is distinctly visible in sections 32, 33 and 34 of ch. 113 of that revision, which sections read as follows :

"Section 32. The debtor, on delivering the certificate to the prison keeper, or filing it in his office if imprisoned, shall be set at liberty, so far as relates to this execution; and his body forever after shall .be free from arrest thereon, and on every subsequent execution issued on the judgment, or on any other judgment founded thereon, except as provided in sections thirty-six and forty-six.

"Section 33. A creditor may discharge his debtor from arrest, or imprisonment on execution, by giving to the officer or jailer having him in custody a written permission to go at large; and it shall have the same effect as a discharge or disclosure.

"Section 34. A certificate of a discharge on execution in any of the modes hereby authorized, and of the cause of it, shall, at any time, at the creditor's request, be indorsed on the execution by the officer who had such debtor in custody; and if it is before the return day of the execution, it may still be levied on his property; if after, it may be renewed like other executions, against his property only; and the judgment may be revived or kept in force, with said execution, as judgments in other cases."

Another objection to maintaining the action, urged by the defense, is that the assignee, now prosecuting this action in his own name, was one of the defendant's sureties on his poor debtor bond given on his arrest on the original judgment. That . objection does not avail anything. The debt is founded on one contract and the bond is another.

*Exceptions sustained.*