THE STATE OF DELAWARE, upon the relation of WILLIAM S. EDWARDS, *vs.* JOHN P. VIRDEN, ROBERT C. CHAMBERS, THOMAS C. MARSHALL, JOHN N. CARSWELL and ALFRED D. POOLE, constituting the Board of Pilot Commissioners for the State of Delaware, a body politic and corporate under the laws of the State of Delaware.

*Mandamus—Board of Pilot Commissioners—Power to Make Rules —Apprentices—Construction of Statute.*

1. The Board of Pilot Commissioners, under the statute creating the said board, is clothed with full power to make rules for the government of pilots while employed in that service, to decide all differences which may arise between masters, owners and consignees of ships or vessels and pilots, except in certain cases; but this authority of the board in terms applies only to *pilots* when *employed in that service.*

2. The statute assumes the existence of the relation of master and apprentice, entirely outside of its provisions, and refers to such apprenticeships as then rightfully subsisting.

3. If the Legislature intended that the power of the board to make rules should control the relation of master and apprentice, it is reasonable to suppose that such intent would have been in some manner expressed; but it has expressly limited the power of the board to make rules, to the government of *pilots* while in that service. Under the well settled rules for the interpretation of statutes, the expression of one is the exclusion of the other.

4. The rules set up by the board as a justification for their refusal to accept and register the indenture of apprenticeship of the relator, viz: that the master never obtained permission of the board to take the relator as a pilot's apprentice, nor did the said apprentice name the pilot boat to which he wished to be attached; were adopted without warrant of law, and are void, inasmuch as they impose conditions and limitations with respect to apprentices other than those named in the statute, and are inconsistent with the rights and privileges of master and apprentice, properly growing out of that relation.

(*March 28, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Herbert H. Ward* and *Lewis C. Vandegrift* for the relator.

*J. Harvey Whiteman* for the respondents.

Superior Court, New Castle County, February Term, 1899.

MANDAMUS (No. 129, November Term, 1898).

See facts and contentions of counsel in opinion of Court.

LORE, C. J.:—This is an application for a peremptory writ of mandamus, to compel John P. Virden, Robert C. Chambers, Thomas C. Marshall, John N. Carswell and Alfred D. Poole, constituting the Board of Pilot Commissioners of the State of Delaware, to enter in the book of the said Board provided for that purpose, the application of William S. Edwards, Junior, the relator, to be registered as a Delaware Bay and River pilot apprentice, as of the seventh day of November, 1892; and to accept and to adopt such application to be so registered as said apprentice as of that date, in determining his seniority among such apprentices, for the purpose of issuing to him a pilot's license, when he shall become under the laws of Delaware entitled to such license.

It appears that upon the fourth day of June, 1892, the relator was duly apprenticed by indenture to one William S. Edwards, for the term of six years, to be taught during the said term the business of a pilot of the Delaware Bay and River; and that from that date, he continuously served a regular apprenticeship to the said William S. Edwards, who was a first-class, licensed pilot of this State, on board of a Delaware Bay and River pilot boat.

That on the seventh day of November, 1892, at the first semiannual meeting of the said board after said apprenticeship began, the said indenture of apprenticeship was duly delivered to the said board, for registration in the book of the board provided for that purpose. That the said board neglected, or refused to accept and register the said indenture of apprenticeship, so as to fix the day the apprenticeship began as of June fourth, 1892; but have since registered it as beginning on the fourth day of May, 1896; and in

the meantime have accepted and registered numerous other indentures of apprenticeship, thereby giving such last named apprentices seniority over the relator in the right to become a duly licensed pilot under the laws of this State, and postponing his right thereto from November seventh, 1898, to May fourth, 1902.

The board justifies its action, upon the ground that the relator had not complied with the rules of the board, in this; that the said William S. Edwards never obtained permission from the board to take the said William S. Edwards, Junior, as a pilot's apprentice; nor did the said apprentice name the pilot boat to which he was to be attached; the said rule limiting the number of pilots to thirty-three, and allowing each pilot boat to take two apprentices only.

The relator contends that these rules are without warrant of law and therefore void.

The right of the Board to adopt these rules is admitted on both sides to be the single issue in this case.

Under *Section 1, Chapter 449, Volume 16, Delaware Laws*, of the act creating the Board of Pilot Commissioners, the board is clothed "with full power and authority, under the limitations hereinafter prescribed, to grant license to persons to act as pilots on the Bay and River Delaware, and to make rules for their government, while employed in that service; to decide all differences, which may arise between masters, owners and consignees of ships or vessels and pilots, except in cases hereinafter excepted." This authority of the board, *in terms* applies only to *pilots when employed in that service.*

The law assumes the existence of the relation of master and apprentice, entirely outside of its provisions, and refers to such apprenticeships as then rightfully subsisting.

Thus it is provided in section 3 of the act, "That no license of the first or second class shall be granted to any person or persons, except such persons as have heretofore held, or do now hold such license under the laws of this State, or *shall have served a reg-*

*ular apprenticeship* of at least six years to a licensed pilot of this State on board of a Delaware Bay or River pilot boat."

" Nor shall any license be granted to any person, except such as may have been apprenticed, prior to the first day of March, A. D. 1889, until the principal number of pilots licensed under the laws of this State, shall have been reduced to forty; and thereafter such number of forty shall not be exceeded."

" Whenever and as often as a vacancy shall occur by reason of the number of pilots, being reduced to less than forty, a license shall be granted to the senior apprentice who has served six years, and is otherwise duly qualified under the laws of this State: provided, that no person shall be entitled to a license as pilot for any branch, without first having, under the immediate inspection of his master, or a pilot of the first branch, conducted a square rigged vessel, (or at least brig rigged), twenty times up, and twenty times down the river and bay."

To the extent named in the above citations, only, does the law deal with the relation of master and apprentice. Nowhere otherwise, does it assume to control that relation, which it there treats as a then subsisting condition outside of and independent of the act itself.

If the Legislature intended that the power of the board to make rules should control the relation of master and apprentice, it is reasonable to suppose that such intent would have been in some manner expressed; but it has expressly limited the power of the board to make rules, to the government of *pilots* while in that service.

Under the well settled rules for the interpretation of statutes, the expression of one, is the exclusion of the other. This rule is emphasized in this particular statute; because, in it, the relation of master and servant is not ignored; it does deal with apprentices by name, and sets forth to what extent the law controls them, in the extracts quoted above. These negative any suggestion that might arise of implied power to make such rules, growing out of

the contract of the apprentice, with the master, while the master is actually engaged in service as a pilot.

We think, therefore, that the rules set up by the respondents, as a justification for their refusal to accept and register the indenture of apprenticeship of the relator, were adopted without warrant of law, and are void; inasmuch as they impose conditions and limitations with respect to apprentices other than those named in the statute, and are inconsistent with the rights and privileges of master and apprentice, properly growing out of that relation.

Manifestly, therefore, the relator is entitled to the relief prayed for in this action; which seems to be his only adequate remedy.

It is ordered that a writ of peremptory mandamus issue in pursuance of the prayer of the relator.