GEORGE HENRY ALLEN

*v.*

JONAS W. AYLESWORTH et al.

[Filed August 31st, 1899.]

1. The fact that employers, when discharging an employe, gave certain reasons therefor at the time, does not prevent them from assigning additional reasons in an action for such discharge.

2. Where an employe who had agreed to work faithfully for his employers' interest secretly examined their books, to which he had no right of access, such act was a breach of his contract, and his employers, acting in good faith, were entitled to discharge him.

Allen *v.* Aylesworth.

3. When an employe wrongfully examined his employers' books, to which he had no right of access, the fact that such employe's refusal to obey orders to instruct another in his duties was anticipated, and brought about by his employers to give them an additional reason for his discharge, is not sufficient to show bad faith on their part in discharging him for his misconduct in secretly examining their books.

4. In settlement of an employe's interest in a firm, a contract was made by which he agreed, in consideration of a payment of money and a salary for future employment, to continue to work faithfully for his employers' interest. The contract further provided that his employers should execute a trust of certain securities to be paid to him on the completion of the contract, and that, if he was ·discharged for cause, such securities should be returned to them.—*Held*, that such employe had no interest in the securities prior to the completion of the contract, and, on being discharged for misconduct before the expiration of the term, he was not entitled to recover them.

On bill, &c.

*Mr. Samuel Kalisch*, for the complainant.

*Mr. Elwood C. Harris*, for the defendants.

EMERY, V. C.

Allen, the complainant, was in the employ of defendants Aylesworth & Jackson, under a written agreement for his employment for the term of two years and two months from November, 1896, and pursuant to which securities to the value of $1,000, purchased by these defendants, were deposited with a trustee upon the following express trusts and conditions:

"To pay the net income derived from said investments to said George Henry Allen as long as he remains in the employ of said party of the first part.

"To pay over said stock and said balance on moneys to said George Henry Allen upon the production by·him of an order in writing signed by said party of the first part [Aylesworth & Jackson] directing said trustee so to do.

"To pay over said securities to said party of the first part [Aylesworth & Jackson] if said George Henry Allen shall have been discharged for good and sufficient cause by said party of the first part.

"To pay to said George Henry Allen, at the expiration of said term of two years and two months, said securities and sum held in trust, provided he has lived up to the terms of this agreement, both in spirit and letter, and not otherwise."

Allen v. Aylesworth.

The provisions of the agreement as to the " terms " of employment were that complainant agreed with defendants ·

"to remain in their employ and to work faithfully for their interest and advantage, following and obeying such instructions as they or either of them may give him from time to time,"

and the defendants agreed to pay the specified wages to complainant,

"provided said Allen faithfully performs such work as said party of the first part [Aylesworth & Jackson] provides for him to do, and obeys such instructions as may be given him by said party of the first part, or either of them, and not otherwise, of which the said party of the first part are to be the sole judges ; the said party of the first part reserve to themselves and their personal representatives, however, the right to discharge said Allen without assigning any cause therefor at any time, provided that said party of the first part, or their personal representatives, at the time of said discharge of said Allen, and as a condition precedent thereto, shall hand over to him, the said Allen, a paper writing directing Frederick R. Pilch, trustee, to turn over the trust securities and moneys hereinafter set forth, and in his hands, to said Allen, and to take said Allen's receipt therefor, which the said trustee shall thereupon do."

Previous to the making of this agreement for employment, complainant had an interest in the profits of the business carried on, and on signing the agreement $300 was paid in cash by defendants to complainant, and complainant, in consideration of this payment and of the agreement for employment at the stipulated wages, released defendants from all claims to date. The agreement further stated that the purchase of the securities by defendants and their deposit with the trustee, was a further inducement to complainant to remain in their employ and to render them faithful and efficient service.

On May 7th, 1897, defendants discharged complainant from their employ, assigning at the time as the cause of discharge, first, that he had entered the office desk and examined books and papers in their absence and without their knowledge or consent ; second, that he refused to obey instructions given him by Jackson, one of the defendants, to instruct another employe in the work about which he (Allen) had been engaged. In the

answer and at the hearing defendants rely on additional reasons for discharge; these being delay in getting to work and directions to employes, at several times, prejudicial to their interests. Such reasons, if sufficient, may be relied on even if not known at the time. *Sm. Mast. & S.* \*150, 151.

The first charge, that of opening the office desk and examining books or papers of defendants without their knowledge, is satisfactorily made out on the evidence, and such examination is not denied by complainant. He denies that he opened the top of the desk, but says that he opened a drawer of the desk in which the shipping-book was at the noon hour, and his present explanation is that he looked at it because Jackson had told him a day or two before that business was falling off and he must lay off Carpenter, the brother-in-law of Allen, who was assisting him, and he went to the books in his employers' absence to find out what they were shipping. The examination was made under circumstances which justify the conclusion that complainant intended to make secret examination of the book, and without observation either of the employers or of any other employe. Allen's employment was in the manufacture of the articles, and in the course of his duty it does not appear that he had any occasion or right to examine any of the books of defendants, nor does he claim the right to examine the books he did examine.

Without going into the evidence in detail, or examining the other questions in the cause, my conclusion is that a good and sufficient cause of discharge from their employment existed by reason of this opening of the desk or of one of its drawers, and the examination of the books therein. This conduct of complainant was, in my judgment, such a breach of the implied condition of faithful service as entitled the employer to rescind the contract of employment. It was a breach of an employe's duty that went to the whole consideration of the employment and was of such a character that the employer was not bound to run any risk of its repetition by the retention of the employe. The books and papers of an employer must, in the conduct of his business, be often necessarily exposed or kept so as to make secret examination possible by a dishonest or inquisitive employe, whose

employment is not connected in any way with the books; and where an employe so far loses his honesty or self-restraint as to examine his employer's books to which he has no right of access in his employment, this act, in my judgment, gives the employer a right to discharge the employe and terminate the contract of employment, and if the employer in good faith exercises the right to discharge for this reason, it is not for the court to say that the employer must give the employe another trial, or run any risk of the repetition of the offence. Such repetition, if made after notice of the offence to the employer, would occur at his sole risk, and where he acts in good faith the employer is entitled, in my judgment, to decide the question of retention for himself.

The evidence does not, in my opinion, disclose any such want of good faith. The fact that an additional reason for discharge—that of refusal to obey orders—was given, and that a fair question is raised on the evidence as to whether this refusal was not anticipated and brought about by the employers for the purpose of giving them an additional reason for discharge, is not sufficient to show that they did not act in good faith in discharging for the misconduct in secretly examining their books or papers. I hold, therefore, this ground of discharge sufficient, and the complainant, if the terms of the agreement are to control, is not entitled to the securities.

It is urged, however, by complainant's counsel, that even if, by the strict terms of the agreement, the securities are to be so paid over to defendant, yet the agreement for such payment, in effect, produces a forfeiture of money or securities which belonged to complainant, and that it cannot be enforced in equity, and that the money must be returned to complainant, leaving him to answer to defendants in damages. But there is no sufficient basis for finding that this money so advanced by defendants, on the faith of this agreement, was complainant's money, put up by way of forfeiture or penalty. The contract was a special one, including several considerations, viz., the termination of an existing contract between the parties, for an interest in previous profits—the settlement between them without further account-

23

ing—payment of $300 by defendants to complainant—the employment of complainant for over two years at good wages and ultimate payment of $1,000 in addition for faithful services, together with a right to this sum at once, on discharge without cause, and the defendants were to deposit this sum or its equivalent with a trustee, at once, and from their own money so far as the contract shows. The contract itself shows that defendants' supplying the money for the purchase was based upon substantial considerations agreed upon between the parties, other than their owing it to complainant as the result of a settlement on accounting, and complainant's parol evidence that this was the source of the money is not sufficient to change the disposition of the money provided by the written contract or to entitle him to claim it as a deposit of his money made by way of security. The contract, in its circumstances and terms, differs from those which are usually designated as fixing "forfeitures" within equitable control, and I have not been referred to any case by counsel which, in my judgment, supports the present contention.

I conclude that it is a case of enforcement of a written contract in which a court of equity must adhere to the contract the parties have themselves made as to the disposition of the money. The bill will therefore be dismissed.