March 21, 1904.

————o————

No. 3414.

(Court of Appeal, Parish of Orleans.)

CITY OF NEW ORLEANS vs. WIDOW ANGELO COTONIO.

1. Act No. 79 of 1902, known as the "Courthouse Commission Act," is not repugnant to Art. 31 of the Constitution of this State which ordains that "every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title."

2. The requirements of singularity of subject imposed by Art. 31 of the Constitution is not intended to embarrass honest legislation, but only to prevent the vicious practice of joining in one act incongruous and unrelated matters. If all the parts of a statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the act is not open to the objection of plurality no matter how extensively or minutely it deals with the details looking to the accomplishment of the main legislative purpose.

3. The exception of non joinder of parties must be pleaded *in limine*, otherwise it shall not be admitted.

156

4. It has long been held in this State that the jury of freeholders authorized by our law to act in expropriation proceedings, have to some extent the character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and authorized to rely on their own opinions as well as on the testimony adduced before them.

5. Verdicts of juries in expropriation proceedings are indeed subject to review by appeal and may be annulled when manifestly inadequate or excessive; but they are entitled to great respect and will not be interfered with except in case of gross or manifest error.

Appeal from Civil District Court, Division C.

Theo. Cotonio, for defendant and appellant.

H. Garland Dupre, for plaintiff and appellee.

Dart & Kernan, for Teutonia Building and Loan Association.

W. O. Hart, for Civil Sheriff.

MOORE, J.   This action is one for the expropriation of a certain lot of ground in the Second District of the City of New Orleans owned by the defendant in the square which has been selected as the site for the new Courthouse.   The proceeding brought in the name of the City of New Orleans was initiated by the Courthouse Commission created by Act No. 79 approved July 5, 1902, and conforms to the provisions of that Act.

Defendant excepted to plaintiff's petition on the ground that it "failed to allege any ground within the jurisdiction of this Honorable Court or to state what it was willing to pay defendant for her property."   This exception being overruled the case went to trial, defendant filing no answer.   A jury of freeholders found for plaintiff, fixing the value of the property condemned at $1233.33 1-3-100, for which amount judgment was accordingly rendered.

On motion for a new trial the defendant renewed the objections tendered by way of exception and, in addition, urged:

1.   The unconstitutionality of Act 79 of 1902.

2.   The illegality of the verdict by reason of the failure of plaintiff to make the mortgage creditor a party defendant, it being averred by defendant that the property is mortgaged and that such creditor is a necessary party, and

3.   The inadequacy of the amount awarded by the jury.

A new trial being denied her, the defendant prosecutes this

157

appeal. In so far as the exception filed *in limine* by the defendant, which is two fold in its character, challenges the jurisdiction of the Civil District Court we understand it is abandoned, counsel conceding that the Court had jurisdiction of the cause, as indeed it may not be well disputed. The other contention, *id est:* that the petition fails "to state what it was willing to pay defendant for her property," is without merit.

No allegation of this character is necessary to authorize expropriation proceedings. Its averments cannot benefit defendant nor its omission injure the plaintiff.

It is sufficient for the State, or the political corporation, or the corporation of the character indicated by the statute, when instituting such a proceeding, to simply aver that it "can not agree with the owner of the land which may be wanted for its purchase," Rev. Stat. 1479, and this allegation, substantially, was made.

Nor can this averment, or its omission, even affect the question of costs, for it is only when a tender of the true value of the land to the owner thereof has been made. "before proceeding to a forced expropriation," that the costs shall then be paid by the owner, Rev. Stat. 1487, otherwise by the plaintiff.

Proceeding now to consider the questions raised by the motion for a new trial the first to be disposed of must necessarily be that which puts at issue the constitutionality of Act 79 of 1902 under which these proceedings were instituted.

The objection urged is that that act is repugnant to Art. 31 of the Constitution of this State inasmuch as the act embraces more than one object both in its title and in its body.

Art 31 of the Constitution reads as follows: "Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title."

The title of the act is "An act to provide for the construction and maintenance of a court house building in New Orleans, Luisiana, to be erected jointly by the State of Louisiana and the City of New Orleans, and maintained by the City of New Orleans; to make an appropriation therefor; to create a Courthouse Commission with all the necessary powers, including the power to acquire and expropriate the necessary site, to require the city and State to provide and appropriate funds therefor, and to provide for the preservation of the present Supreme aud Civil District Court buildings."

The argument that the act contains a plurality of subjects is, that whilst the statute provides for the erection of a new courthouse, it likewise makes provision for the future destination and preservation of the existing court buildings; that all of the several sections of the act, up to and exclusive of the eleventh section, are cognate and refer to the general scope and purpose of the act, to wit: the building of a new courthouse, whereas the eleventh section

158

which reads as follows: "When the present ancient buildings fronting on Jackson Square in the City of New Orleans are vacated by the Courts, they shall be preserved in their present form by the City of New Orleans as historic monuments and be dedicated to the use of libraries, schools, museums and other suitable purposes that would not detract from their preservation as land marks in the history of Louisiana," is on an entirely different and distinct subject or object. The purpose of the constitutional provision which it is claimed the act in question is obnoxious to, is well known. It is to prevent the joining together in one act of several independent and incongruous matters, familiarly known as "log-rolling," and to prevent deception of the public or of members of the legislature by means of provisions in bills of which the title gives no intimation.

This constitutional provision is never, however, to be enforced in any manner or technical spirit.

The requirement of singleness of subject is not intended to embarass honest legislation, but only to prevent as we have said the vicious practice of joining in one act incongruous and unrelated matters; hence, if all the parts of a statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the act is not open to the objection of plurality, no matter how extensively or minutely it deals with the details looking to the accomplishment of the main legislative purpose. 124 U. S. 656; 111 U. S. 1; 105 U. S. 278; 22 W. 351; 118 F. R. 549; 97 F. R. 435; 88 F. R. 449; 54 F. R. 456; 109 La. 570; 106 La. 595; 106 La. 345; 104 La. 254; 51 La. 1213; 50 A. 1358; 49 A. 1335; 49 A. 1530;-1621; 46 A. 1031; 41 A. 456; 771; 910; 39 An. 455; 32 A. 779; 31 An. 1; 20 A. 196.

The act under consideration in the instant cause deals with but one general subject, *ed est*, a courthouse in the city of New Orleans. Every provision of the act naturally connects; all the parts are distinctly germane and intimately relate to the one general object and purpose of the act, hence the act is constitutional.

The objection secondly urged in the motion for new trial to the effect that the mortgage creditor should have been made a party defendant cannot be admitted, coming as it does after judgment. It is a rule which governs in all cases of exceptions except in such as relate to the absolute incompetency of the judge before whom the suit is brought, that they must be plead specially in *limine litis*, before issue joined, otherwise they shall be admitted. C. P. 333.

There is left now for consideration the alleged inadequacy of the amount awarded by the jury.

We have given the testimony on this question careful reading and study and are not prepared to say that the jury erred in fixing the value of the property at the amount stated by their verdict.

159

The property was assessed at $1000 in 1902. It had been assessed in 1898 for $1400, was reduced in 1899 to $1200, at which figure it stood for the years 1900 and 1901. In 1899, the defendant by her agent, sought a reduction of the assessment. presenting to the assessors the agent's affidavit that the property was worth only $900; and from the testimony of the witnesses who described the condition of the building, it is doubtful if the property could have been worth much more than that sum. A number of witnesses who are familiar with the value of real estate, estimate the property to have been worth from $900 to $1000.

Of course, and as is usual in such cases, there is a conflict of testimony as to its value, but much weight attaches to the finding of a jury in such cases, and the verdict will not be annulled unless manifestly erroneous.

It has long been held in this State that the jury of freeholders authorized by our laws to act in expropriation proceedings, have to some extent the character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and authorized to rely on their own opinions as well as on the testimony adduced before them. Their verdicts are indeed subject to review by appeal and may be annulled when manifestly inadequate or excessive; but they are entitled to great respect and will not be interfered with except in cases of gross or manifest error. Telegraph Co. vs. R. R. Company 43 A. 525-44 A. 178; 49 A. 859; 47 A. 1298; 52 A. 535.

There is no force in the contention that because the Commission had paid the owner of property adjoining and similar to that expropriated herein the sum of $1700 therefor that necessarily establishes the real value of the property and a like sum should have been awarded the defendant. The Commission did pay to the owner, Mrs. DeMontluzin $1700 for the adjoining property, but, as is testified to, as a "compromise." There is in the record no evidence showing that the DeMontluzin property was worth that sum; nor is there any showing that the defendant's property is worth that amount. Defendant is entitled only to the value of her property as is established by the evidence and not to that which the Commission by way of compromise choose to pay other persons for their property.

There is no error in the judgment appealed from and it is affirmed.

April 4, 1904

Rehearing refused April 18, 1904.