No. 3446.

(Court of Appeal, Parish of Orleans,)

CITY OF NEW ORLEANS vs. SAMUEL HOOPER.

Issue of fact only is involved herein.

Appeal from Civil District Court, Division B.

Omer Villere and P. S. Gidiere, for Plaintiff and Appellant. ·

W. S. Parkerson, for Defendant and Appellee.

MOORE, J.   This was an expropriation suit.

From a judgment based upon the verdict of a jury ot free-holders fixing the value of the property expropriated, and the damages at seven hundred and fifty dollars, the plaintiff appeals.·

As is usual in such cases the witnesses for the respective sides are not in accord as to the value of the property.

Usually the witnesses for the party seeking the expropriation fix a valuation inadequate, whereas those for the defendant are excessive in their opinion of the value of the property.

Here, however, the disparity in the value of the property involved in this suit in the opinions of the different witnesses is not very great.   In the first place it is shown that plaintiff (City) has, herself, for purposes of taxation, assessed the property at five hundred dollars.   Having thus on her own motion fixed the value of the property at this figure and having, on the basis thereof, made the defendant contribute to the City's support by way of taxation we are of opinion, that the City the plaintiff herein, cannot in good conscience now that she desires to acquire the property by expropriation be heard to claim that the property is worth less than this sum.

The estimate of the value of the property as fixed by the defendant is $664.00, a difference of $164.00.

This difference, coupled with the damages which the defendant may sustain by the expropriation of his property, and of which the jury is likewise to assess in their character and authority as experts, supposed to have some personal knowledge of the matter submitted to them, is apparently fixed by the jury at $200.   We are not prepared to say that this is excessive.

It has long been held in this State that the jury of free-holders, authorized by our laws to act in expropriation proceedings have to some extent the character and authorities of experts, supposed to

226

have some personal knowledge of the matter submitted to them, and authorized to rely on their opinion as well as the testimony adduced before them; 43 A. 522, 44 A. 178, 47 A. 1298, 49 A. 859.

The judgment is not manifestly erroneous and the judgment appealed from is affirmed.