# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KAMELA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DELAWARE DEPARTMENT OF | ) | C.A. No. N19C-01-186 CLS |
| CORRECTIONS, DELAWARE | ) | |
| BUREAU OF PRISONS, and | ) | |
| DELORES J. BAYLOR | ) | |
| WOMEN'S CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Defendants. | | |

Date Submitted: March 18, 2021
Date Decided: May 25, 2021

*Upon Defendant State of Delaware's Motion for Summary Judgment*
**GRANTED.**

## ORDER

Christian G. Heesters, Esquire, Schuster Jachetti, LLP, Wilmington, Delaware, Attorney for Plaintiff Kamela Smith.

Kenneth L. Wan, Esquire, Anna E. Currier, Esquire, Deputy Attorneys General, Department of Justice, Wilmington, Delaware, Attorneys for Defendant State of Delaware.

**SCOTT, J.**

## INTRODUCTION

Before the Court is Defendant State of Delaware's (the "State") Motion for Summary Judgment (the "Motion"). At this juncture, the question is whether Plaintiff Kamela Smith's ("Ms. Smith") claims are barred by either sovereign immunity or the State Tort Claims Act.

After careful consideration of the State's Motion, Ms. Smith's Response, and Delaware law, the State's Motion is **GRANTED**.

## BACKGROUND

On January 19, 2017, Ms. Smith was injured by a metal bathroom stall door at the Delores J. Baylor Women's Correctional Institution ("Baylor") where she performed voluntary ministerial services for the Seeds of Greatness Church ("Church").[1] Ms. Smith claims that the State had a contract with the Church of which Ms. Smith was a third-party beneficiary.[2]

On January 16, 2019, Ms. Smith filed the Complaint. Through it, Ms. Smith alleges the following claims: (1) Breach of Contract; (2) Negligence; (3) Gross Negligence; (4) and Wanton Negligence.

On February 22, 2019, the State filed a Motion to Dismiss which this Court subsequently denied. On February 16, 2021, after engaging in discovery, the State

---

[1] The State concedes as such in their Answer. *See* D.I. 24.
[2] No contract has been produced to show the existence of a relationship between Baylor and the Church.

1

filed the instant Motion for Summary Judgment (the "Motion"). Attached to the Motion, the State includes an affidavit from Debra Lawhead, the director of the State of Delaware Insurance Coverage Office, that states there is no insurance coverage for this event.[3] On March 18, 2021, Ms. Smith filed her Response to the State's Motion for Summary Judgment.

## STANDARD OF REVIEW

Under Superior Court Civil Procedure Rule 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[5] This Court considers all of the facts in a light most favorable to the non-moving party.[6]

In a motion for summary judgment, the moving party bears the initial burden of showing that there are no material issues of fact.[7] If the moving party makes this showing, then the burden shifts to the nonmoving party to show that there are material issues of fact.[8]

---

[3] Def.'s Mot. for Summ. J., Ex. 2.
[4] Super. Ct. Civ. R. 56(c).
[5] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).
[6] *Id*.
[7] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[8] *Id.* at 681.

## PARTIES' ASSERTIONS

The State, in their Motion, argues that the doctrine of sovereign immunity and the Delaware Tort Claims Act bars recovery because no statutory waiver of sovereign immunity exists, there is no insurance coverage that would constitute a waiver, and no contract that would constitute a waiver of immunity exists.

Ms. Smith, in her Response, claims that sovereign immunity does not apply here due to 10 *Del. C.* § 4012(2) and that material facts exist which prevent the Court from granting summary judgment.

## DISCUSSION

### A. *Sovereign Immunity*

A fundamental premise of our systems of law and government is that the State, its agencies and its employees, acting in their official capacities, are immune from civil liability.[9] The doctrine of sovereign immunity provides that the State may not be sued without its consent.[10] Such immunity may only be limited or waived by act of the General Assembly.[11] Unless the State has waived sovereign immunity, any claims against the State and/or its agencies are barred without further inquiry.[12] In

---

[9] U.S. Const. Amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.").

[10] *Doe v. Cates*, 499 A.2d 1175, 1176 (Del. 1985).

[11] *Id. See* Del. Const. art. I, § 9 ("Suits may be brought against the State, according to such regulations as shall be made by law.").

[12] *Boyer v. Garvin*, 2020 WL 532747, at *2 (Del. Super. Ct. Jan. 28, 2020).

order to overcome the State's sovereign immunity: (1) the State must waive immunity; and (2) the STCA must not otherwise bar the action.[13] There are two means by which the State, through the General Assembly, may waive immunity: (1) by procuring insurance coverage under 18 *Del. C.* § 6511 for claims cited in the complaint;[14] or (2) by statute which expressly waives immunity.[15]

Pursuant to 18 *Del. C.* § 6511, sovereign immunity has not been waived in this matter because the claims against the State are not covered by the state insurance coverage program, whether by commercially procured insurance, or by self-insurance.[16] The affidavit of Debra Lawhead, director of the State of Delaware Insurance Coverage Office, adequately demonstrates that the State has not procured insurance coverage for the risks implicated by Plaintiff's claims.[17] Ms. Lawhead avers that she reviewed Plaintiff's complaint and that neither the State of Delaware or the Department of Correction has not purchased any insurance that would be applicable to the circumstances and events alleged in the Complaint.[18]

---

[13] *Id.* at 1176–77.

[14] *Id.* at 1180.

[15] *Id.* at 1176; *J.L. v. Barnes*, 33 A.3d 902, 913 (Del. Super. 2011); *Janowski v. Div. of State Police Dep't of Safety & Homeland Security*, 2009 WL 537051 (Del. Super. Feb. 27, 2009).

[16] *Parker*, 2012 WL 1536934, at *2; *Barnes*, 33 A.3d at 913.

[17] Def.'s Mot. for Summ. J., Ex. 2.

[18] *Id.*

4

Since there is no insurance that would be applicable to the circumstances and events alleged in the Complaint, there has been no waiver of sovereign immunity pursuant to 18 Del. C. § 6511. Moreover, there is no statute that expressly waives sovereign immunity for the Ms. Smith's claims. Thus, "sovereign immunity exists and no further analysis is necessary."[19] Accordingly, Ms. Smith's claim is barred by the doctrine of sovereign immunity and summary judgment is appropriate.

### B. Ms. Smith's Argument

In her Response to the State's Motion, Ms. Smith claims that 10 *Del. C.* § 4012(2) provides an exception to the State's defense of sovereign immunity.

Contrary to Ms. Smith's assertion, 10 *Del. C.* § 4012 of the State Tort Claims Act creates several limited exceptions to *local government* immunity. The predicate to those exceptions, however, is that a local government employee committed a negligent act or omission. Negligent conduct under § 4012 cannot act as a sufficient predicate to entitle a plaintiff to defeat the *state government's* sovereign immunity defense. In other words, § 4012 does not apply to Ms. Smith's claim against the State and only applies towards municipal and county tort claims.

Instead, 10 Del. C. Section 4001 is applicable here. However, rather than engaging in a lengthy discussion of Section 4001, the Court must consider 18 *Del.*

---

[19] *Parker*, 2012 WL 1536934, at *2; *Boyer v. Garvin*, 2020 WL 532747, at *2 (Del. Super. Ct. Jan. 28, 2020).

*C.* Section 6511. Section 4001 and Section 6511 must be read in *pari materia*.[20] The Delaware Supreme Court has held that insurance coverage must also exist in order to make a claim under § 4001.[21] Accordingly, since there is no insurance coverage, Ms. Smith cannot demonstrate a waiver of sovereign immunity regarding her claims.

Also noteworthy here, while the state agencies are the proper parties, Delores J. Baylor Women's Correctional Institution building is not. For the purpose of clarity, summary judgment is granted for each defendant.

## CONCLUSION

Based on the facts of this case and Delaware law, the doctrine of sovereign immunity under 10 *Del. C.* § 4001 operates to bar Ms. Smith's claims against the State of Delaware. For the foregoing reasons, the State of Delaware's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

> **/s/ Calvin L. Scott**
> **The Honorable Calvin L. Scott, Jr.**

---

[20] *Tomei v. Sharp*, 902 A.2d 757, 770 (Del. Super. 2006); *Watson v. Burgan*, 610 A.2d 1364, 1368 (Del. 1992).
[21] *Doe*, 499 A.2d at 1181.